617 So.2d 893 (1993)
Suzanne Grace KELLER
v.
NATIONAL UNION FIRE INSURANCE CO., et al.
No. 93-C-0291.
Supreme Court of Louisiana.
April 30, 1993.
*894 PER CURIAM.
The court of appeal erred in affirming the trial court's granting of the exception of prescription as to the minor child's claim for personal injuries. Under Louisiana Civil Code article 3464, prescription on an action is interrupted "when one acknowledges the right of the person against whom he had commenced to prescribe." In Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), this court, interpreting La.Civ.Code art. 3520, the precursor to Article 3464, stated that a tacit acknowledgment is sufficient to interruption prescription running against a delictual action. "[A]cknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and ... it may be implicit or it may be inferred from the facts and circumstances." Id. at 382.
In this case, the insurance adjuster told Suzanne Keller that the insurance company never paid over $1,000.00 in medical bills unless there was liability. The insurance company later paid $1,800.00 in medical bills, indicating an acknowledgment of the existence of delictual liability. Furthermore, the adjuster, with knowledge that a doctor's appointment was scheduled on the last day of the prescriptive period, told Keller that he would discuss paying more money in a settlement after the doctor's visit. These acts are sufficient to tacitly acknowledge indebtedness not only on the medical expenses claim of Suzanne Keller, but also on the personal injury claim of her son.
Accordingly, the judgments of the lower courts which granted the defendant's exception of prescription are reversed, and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
CALOGERO, C.J., would simply grant the writ application and docket the case for argument.
LEMMON, J., not on panel.