666 So.2d 686 (1995)
TOURO INFIRMARY
v.
Julie D. HENDERSON.
No. 92-CA-2720.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1995.
*687 Marc H. Morial, A Professional Law Corp., New Orleans, and Ranord J. Darensburg, New Orleans, for Defendant/Appellant, Julie D. Henderson.
Leigh Ann Schell, Bagert & Trinchard, New Orleans, for Third Party Defendant/Appellee, Louisiana Health Service and Indemnity Company.
Before BARRY, KLEES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
On 11 May 1990, Touro Infirmary filed suit on open account against Julie D. Henderson, for medical services rendered to Henderson in October 1988, and for reasonable attorney's fees under La.R.S. 9:2781. On 2 July 1990, Henderson filed a general denial and third party demand against Louisiana Health Service and Indemnity Company, d/b/a Blue Cross Blue Shield of Louisiana (Blue Cross hereinafter) for benefits under Group Number 31674, Contract Number XXX-XX-XXXX, contending that Blue Cross was liable under that policy for the unpaid balance due Touro. Henderson also claimed damages for mental anguish and her attorney's fees. Blue Cross answered, alleging Henderson has no right or cause of action, the claim prescribed and, alternatively, that the medical expenses were incurred for a diagnostic admission, which is specifically excluded from coverage under the policy.
Henderson filed a Supplemental and Amended Third Party Demand, claiming third party defendant was arbitrary and capricious in its actions, and seeking damages under La.R.S. 22:657.
Blue Cross filed a Motion for Summary Judgment based on a verified copy of the policy in question, and affidavit of Blue Cross's Administrative Assistant in its Legal Affairs Department. Henderson opposed the motion, based on her own affidavit. The motion came on for hearing and was granted by judgment of 28 February 1992. From that judgment Henderson appeals. We affirm.

STATEMENT OF FACTS
Henderson, a paralegal employed by Cardell A. Thomas & Associates, was insured under a group policy issued to her employer, which provides in pertinent part:
TIME LIMIT FOR LEGAL ACTIONS
No lawsuits to recover under the Contract may be filed:
. within the 60 days after notice of claim has been given; or
. after 15 months from the date of service.
EXTENSION OF TIME LIMITATIONS
If any limitation for:
. giving notice of claim; or
. bringing any action on the Contract,
is less than that allowed by the state, district or territory where you reside at the time the Contract is issued, the limitation is extended to comply with the law.
Blue Cross first received notice of Henderson's claim on 10 November 1988, when it received notice from Touro Infirmary of a hospital stay from October 23, 1988, through October 29, 1988. On April 27, 1989, Blue Cross advised Henderson that $1,539.50 of her claim was denied. The notice of denial is of record as Exhibit E to Henderson's affidavit.
Attached to Henderson's affidavit as Exhibit B is her letter of 1 June 1989 to Blue Cross, in which she writes:
Enclosed please find my claim form which I and (sic) refiling because medical services were declined. Also, enclosed is a letter from my personal physician, Dr. Wiley Jenkins, restating his diagnosis and the reason for my hospitalization.

*688 I am also enclosing your explanation of benefits and the remaining Touro Infirmary bill for you (sic) processing.
Blue Cross replied on 20 July 1989, "Your claim/inquiry is currently being reviewed. Upon completion, you will receive a response regarding any action taken."
Six months later, on 29 January 1990, the policy period within which Henderson could file suit expired. Over six months after the expiration of her right to bring suit on her claim, Henderson filed suit against Blue Cross.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Schroeder, supra. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Id. The party who defends against a motion for summary judgment must receive the benefit of the doubt when his assertions conflict with those of the movant. Id.
It is well settled in our law that general rules of interpretation apply to insurance policies in the same way that they apply to other contracts. Id. La.R.S. 22:629(A)(3) prohibits provisions limiting right of action against the insurer to a period of less than twelve months after the cause of action accrues in connection with the type of insurance at issue herein. The Blue Cross policy's limitation period of fifteen months is more generous than the Louisiana statute. The fifteen month limitation was specifically approved in Sargent v. Louisiana Health Service and Indem. Co., 550 So.2d 843, 846-847 (La.App.2d Cir.1989).
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. La.C.C. art. 2047.
The cause of action accrued when Henderson was able to bring suit under the policy, 60 days after her claim arose. Louette v. Security Indus. Ins. Co., 361 So.2d 1348 (La.App. 3d Cir.1978), writ denied 364 So.2d 564 (La.1978). Under the clear and unambiguous language of the insurance contract, reflecting the intent of the parties, Henderson was obliged to bring suit on her claim no later than 29 January 1990.
FIRST ASSIGNMENT OF ERROR: The fact that Henderson is solidarily liable with the third party defendant, Blue Cross, results in an interruption of prescription against Blue Cross.
Henderson claims interruption of prescription based on her solidary obligation with her insurer, Blue Cross, to Touro. However, the policy's limitation period expired several months prior to the institution of Touro's suit against Henderson. This Court held in Noggarath v. Fisher, 557 So.2d 1036, 1037 (La.App. 4th Cir.1990), citations omitted:
Interruption of prescription against joint tortfeasor A occurs by a timely lawsuit against joint tortfeasor B only as to conduct for which tortfeasors A and B are responsible, and only if the cause of action against tortfeasor A was not prescribed when the suit against tortfeasor B was filed.... Once prescription occurs it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor. [Emphasis added.]
See also, Bustamento v. Tucker, 607 So.2d 532, fn. 5 at 536-37 (La.1992).
*689 Henderson's claim having prescribed prior to institution of the Touro suit, the suit did not interrupt prescription of Henderson's claim against Blue Cross. This assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR: Because Henderson had no knowledge of Blue Cross's failure to make payment to Touro Infirmary until a lawsuit was filed against her by Touro Infirmary, prescription has not run against her.
Henderson argues that Henderson's cause of action did not accrue until May 11, 1990, when she obtained knowledge that the third party defendant Blue Cross had not paid its portion of the bill submitted by Touro Infirmary. Henderson claims the benefit of Goodman v. Dixie Mach. Welding & Metal Works, Inc., 552 So.2d 440, 442 (La.App. 4th Cir.1989), writs denied 553 So.2d 860, 861 (La.1989) which held:
Prescription does not run against a person who is ignorant of facts upon which his cause of action is based if such ignorance is not willful, negligent, or unreasonable.
Such reliance is misplaced. In Goodman, a divided court declined to set aside the trial court's denial of an exception of prescription where plaintiff, a sandblaster, was suffering from diffuse silicosis and immunological system abnormalities that he claimed were work-related. The majority found that although plaintiff sought medical attention for shortness of breath in 1976, it was not until his condition worsened and he saw a specialist and an attorney in 1982 and ultimately received the doctor's report that he became aware of his condition and its likely cause. The majority agreed with the trial court's conclusion that there was insufficient notice to begin prescription until Goodman received the specialist's diagnosis of silicosis. Henderson, however, knew from the time of her hospitalization that she had a potential claim against Blue Cross. She does not deny having received the April, 1989 letter from Blue Cross denying her claim. In her letter of June 1, 1989, she wrote to Blue Cross acknowledging that her medical claim had been denied. Unlike Goodman, she was aware of her claim and of the policy provisions. Henderson does not allege that any representative of Blue Cross told her that her claim would be paid. According to her own affidavit, she was notified by Blue Cross only that the claim was being reviewednot that it had been or was likely to be approved. The Blue Cross letter of July 20, 1989 (six months before her right to sue expired) attached to her affidavit contains no promise to pay the claim and does not ask her to defer filing suit on her claim.[1]
Under exceptional circumstances, courts may apply the principle contra non valentem agere non currit praescriptio to dispense with prescription in the interest of justice. See, official revision comment to La. C.C. art. 3467. Prescription runs from the time at which a plaintiff had information sufficient to excite attention and prompt further inquiry. Adams v. National Bank of Commerce, 93-2346, 94-0486 (La.App. 4 Cir. 9/29/94); 644 So.2d 219, 223, writ denied 94-3053 (La. 2/3/95); 649 So.2d 411. The heart of our inquiry into constructive notice is the reasonableness of a plaintiff's inaction. Jordan v. Employee Transfer Corp., 509 So.2d 420, 423 (La.1987). Henderson claims that Blue Cross negligently led Henderson to believe that her claim was incomplete and under review. Therefore, she contends, she should receive the benefit of contra non valentem.
La.R.S. 22:651 provides in pertinent part: None of the following acts by or on behalf of an insurer shall be deemed to constitute *690 a waiver of any provision of a policy or of any defense of the insurer thereunder:
(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.
This Court construed that statute as requiring an insured to prove that she withheld suit in reliance on the words or actions of the insurer or its adjuster, and that mere investigation or negotiation does not alone constitute a waiver of an insurer's right to claim the benefits of an applicable policy prescription provision. The crucial determination is whether the overall actions of the insurer's representatives, during the prescriptive period, led plaintiff to believe reasonably that the insurer would not require compliance with the policy's prescriptive provision. Blum v. Cherokee Ins. Company, 336 So.2d 894, 896-97 (La.App. 4 Cir.1976).
We conclude that when the record evidence is viewed in the light most favorable to her, plaintiff produced no evidence to support her allegation that Blue Cross led her to believe that her claim would be approved or that Blue Cross would not require compliance with the policy's prescriptive period. The Explanation of Benefits forwarded to Henderson by Blue Cross on 27 April 1989 clearly denied coverage of the disputed portion of her claim $1,593.50. No representative of Blue Cross asked her not to file suit pending the investigation she requested. She was not prevented from protecting her claim by filing suit in a timely manner. The record is devoid of evidence of the misconduct and misrepresentation Henderson claims.
This assignment of error is without merit.

CONCLUSION AND DECREE
The appellant having failed to demonstrate error in the judgment granting appellee's motion for summary judgment, we affirm.
AFFIRMED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring with reasons.
There are four situations in which contra non valentem provides an exception to liberative prescription:
1) Where there is some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
3) Where the debtor has done some act effectually to prevent the creditor from availing himself of his cause of action; and
4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though plaintiff's ignorance was not induced by the defendant.
Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034, 1054-55 (La.1987).
The first three situations are not alleged and the pleadings and affidavits do not support the fourth situation. The policy provides a time limitation for filing suit. Henderson did not allege any fact which supports her claim that she could not reasonably ascertain a cause of action. The argument that consideration of her claim by Blue Cross prevented her from pursuing a cause of action is not supported in fact or under our jurisprudence.
Henderson does not allege facts to support her claim that Blue Cross led her to believe Blue Cross would waive the policy's prescriptive period. La.R.S. 22:651. Compare Blum v. Cherokee Insurance Co., 336 So.2d 894, 897 (La. App. 4th Cir.1976), which considered evidence pertaining to waiver after trial on the merits and determined that "mere investigation or negotiation do not alone constitute a waiver" although "such actions by an insurer can constitute part of an implied waiver or of a lulling process." Henderson only argues that Blue Cross investigated the claim and failed to notify her of its final denial.
I respectfully concur.
NOTES
[1] In oral argument, counsel for Henderson contended that Blue Cross, in having paid a part of her claim, acknowledged its liability, interrupting prescription under La.C.C. art. 3464 and Keller v. National Union Fire Ins. Co., 617 So.2d 893, 894 (La. 1993). This reliance is misplaced. Here, unlike the situation in Keller, Blue Cross sent Henderson an "Explanation of Benefits" on 27 April 1989, advising her that $1,593.50 of her claim was not covered under her Blue Cross insurance contract. In Keller, the insurer's adjustor told Keller that the company "never paid over $1,000 in medical bills unless there was liability," and later paid $1,800 in medical bills. Further, the adjustor told Keller that he would discuss payment of additional amounts after she visited her doctor, knowing that the doctor's visit was scheduled for the day before prescription tolled. Henderson presented no evidence of acknowledgement or of the type of practice demonstrated in Keller.