KLEES, Judge.
liThe sole issue before this Court is whether certain claims that the defendant, Whitney National Bank, breached a duty to the plaintiff, its customer, were barred by virtue of prescription.
In April of 1977, Myriam Robinson married Pierre Villere. In November of 1977, she entered a custodial arrangement with the defendant, Whitney National Bank (“Whitney”). By agreement, Whitney would place “the proceeds of any collections of income” in the cheeking account and “the proceeds of any collections of principal shall be held pending instructions.”[1] Through the years, the principal, over a million dollars of stocks and bonds, was depleted. Thereafter, suit was filed on July 29,1992, alleging the defendant breached a fiduciary duty owed to the plaintiff.
A partial summary judgment was granted in favor of the defendant/ Whitney by Judge Richard J. Ganueheau on January 30, 1996. Judge Ganueheau concluded:
the claims of plaintiff against the Whitney National Bank based on transactions occurring prior to the July 27, 1982 are prescribed pursuant to La.C.C. Art. 3499, and that the doctrine of contra non valen-tem is not applicable in this case.[2]
12Summary judgments are reviewed on appeal de novo and the appellate court must ask (1) whether there is any genuine issue of material fact and (2) whether the mover is entitled to summary judgment as a matter of law. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991), appeal after remand, 653 So.2d 612 (La.App. 1 Cir.1995) (dealing with unrelated issues). Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4 Cir.1965), appeal after remand, 194 So.2d 746 (La.App. *849 4 Cir.l966)(dealing "with unrelated issues). The appellate court must ask the same questions as the trial court. La.C.C.P. art. 966.
A “genuine issue” exists when it is essential to the outcome of the case and a “material fact” is one which would matter at a trial on the merits. Here, the plaintiff would not say that she did not receive monthly statements from Whitney at her home; she could not recall if the statements were sent to her home. An official with Whitney testified that the monthly statements were sent to the plaintiff, her accountant, and her husband. In light of the bank’s evidence that multiple sets of statements were regularly mailed out, the fact that the plaintiff could not recall if she received the statements becomes somewhat less than “material.” A lapse in memory is convenient, however, it is not necessarily “material.”
Summary judgments are generally inappropriate in cases involving questions of motive, intent, good faith, knowledge and malice. Smith v. Our Lady of Lake Hospital, 639 So.2d 730, 751 (La.1994). In this case there are no questions involving the plaintiffs state of mind.
The plaintiff has a duty to exercise reasonable care and promptness in examining the statement and. items for the purpose of discovering unauthorized signatures or alterations of an item. Ashley-Hall Interiors, Ltd., Inc. v. Bank of New Orleans, 389 So.2d 850, 855 (La.App. 4 Cir.1980). Compare Elliott RB., Black v. Whitney National Bank, 618 So.2d 509 (La.App. 4 Cir.1993). La.R.S. 10:4-406(1), from 1972-1993, read:
(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof. See Appendix to Title X, R.S. 10:4-406, volume 4B, page '246.
Under La.Civil Code article 3499, there is a ten year liberative prescriptive period for personal contracts. Therefore, the claims arising prior to July 29, 1982 are prescribed. The appellant argues that the doctrine of contra non valentem non cwrrit praescriptio applies. In certain situations, prescription may be interrupted. In Reynolds v. Batson, the Louisiana Supreme Court addressed three of these: (1) there was a legal cause preventing the courts from acting; (2) there was some condition associated with the contract which prevented the creditor from suing; and (3) the debtor effectually prevented the creditor from availing himself of the cause of action. Reynolds v. Batson, 11 La. Ann. 729, 730-31 (1856).
A fourth exception under the doctrine of contra non valentem occurs if the cause of action does not mature until it is known “or at least knowable” by the plaintiff. Corsey v. State Department of Corrections, 375 So.2d 1319, 1322 (La.1979). The plaintiff is prevented from enforcing his cause of action due to some external force. This external force does not necessarily have to be induced by the defendant. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034, 1054 (La.1987).
|4The appellant argues that prescription should be interrupted under either the third or fourth situation listed above. However, there is no evidence to establish that Whitney prevented the plaintiff from discovering the depletion of her funds. Medical Review Panel for Claim of Milton, 593 So.2d 795 (La.App. 4 Cir.1992). A simple review of her statements would have revealed the depletion of the funds, with the majority of the activity occurring between August 8, 1978 and August 8, 1979. A cursory review, month to month, would have revealed the depletion of approximately a million dollars in principal within a twelve month period. If anything, Whitney attempted to aid the plaintiff by sending multiple sets of the monthly statements. For this same reason, the plaintiff had sufficient information to excite her attention. Touro Infirmary v. Henderson, 666 So.2d 686 (La.App. 4 Cir.1995).
The summary judgment was properly granted on the activities which occurred pri- or to July 29, 1982. There are no genuine issues of material fact — the plaintiff had sufficient notice to alert her to the possibility *850 that something was happening to her funds. Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d 730 (La.1994). Any unreasonable ignorance of the facts by the plaintiff regarding the account activity is not excused under the doctrine of contra non valentem. White v. West Carroll Hospital, Inc., 613 So.2d 150 (La.1992).
The evidence presented by the appellant regarding the motion to remand is not likely to affect the outcome of the case. The evidence, a newly discovered box of statements, is irrelevant on the issue of whether the appellant received her statements. All indications are that she had sufficient notice to put her on guard that something was going on with her accounts. Justice would not be served with a remand order. Id.
I sFor the reasons expressed above, the summary judgment of January 30, 1996 is affirmed and the Motion to Remand is denied.

AFFIRMED.

. See Appendix 3 to Appellant's Original Brief, paragraphs 12 and 13.

. See Reasons for Judgment dated February 13, 1996, Appendix 2 of Plaintiff's Original. Brief.