685 So.2d 338 (1996)
L.J. STAGNI, D.C. et ux.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 96-CA-493.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 1996.
Writ Denied March 7, 1997.
*339 Leonard H. Rubenstein, New Orleans, for Plaintiffs/Appellants.
Anthony J. Clesi, Jr. and Dorian L. Lobman, Metairie, for Defendant/Appellee.
Before BOWES, DUFRESNE and DALEY, JJ.
DALEY, Judge.
L.J. Stagni, D.C., plaintiff, appeals the trial court judgment granting defendant, State Farm Mutual Automobile Insurance Company's, Exception of Prescription and dismissing this lawsuit with prejudice. We affirm.
Stagni was involved in an automobile accident on June 27, 1993. This lawsuit was filed on October 6, 1995 naming State Farm a defendant in their capacity as Stagni's underinsured motorist carrier. Pursuant to LSA-R.S. 9:5629 [1], the prescriptive period for a claim against an uninsured/underinsured motorist carrier is two years. Alexander v. Minnieweather, 595 So.2d 802 (La. App. 2 Cir.1992). Therefore, plaintiff has the burden of proof to show the prescriptive period was somehow interrupted or suspended. Id; Lee v. Succession of Chapman, 463 So.2d 896 La.App. 2d Cir.1985); Simmons v. Bartleet Chemical, Inc., 420 So.2d 1273 (La.App. 3rd Cir.1982).
Plaintiff settled with the tortfeasor and his insurer on February 15, 1994. Negotiations continued with his UM carrier and on November 18, 1994 State Farm made an unconditional payment to plaintiff of $10,000.00. This lawsuit was subsequently filed on October 6, 1995. State Farm met this petition with an Exception of Prescription on the basis that the suit was filed more than two years from the date of the accident, June 27, 1993. The trial court agreed and granted the Exception.
On appeal, plaintiff argues the trial court erred in applying two cases that are distinguishable to the instant case. The first, Waller v. Stuckey, 613 So.2d 643 (La.App. 2d Cir.1993), held that under LSA-R.S. 22:661 [2], *340 the payment of property damage by an insurer does not constitute an admission of liability so as to interrupt the running of prescription in accordance with LSA-C.C. Art. 3464[3]. The second case is Antrim Lumber Co. v. S.H. Bolinger & Co., 121 La. 306, 46 So. 337 (La.1908). In Antrim, the Supreme Court was faced with the issue of when prescription began to run and held the acknowledgment by defendant in open court interrupted prescription.
According to plaintiff, these cases are distinguishable from the case at bar because here defendant made an unconditional payment, not a property damage payment. Also, the issue of when prescription commenced is not at issue.
Defendant argues the trial court correctly ruled the payment did not constitute an admission of liability sufficient to interrupt prescription. They argue a UM carrier is mandated by the Supreme Court decision in McDill v. Utica Mutual Ins. Co., 475 So.2d 1085 (La.1985) to make a tender offer or face sanctions for failure to do so. Defendant argues that under plaintiff's interpretation, a defendant would be required to make a McDill tender and waive the right to raise the prescription exception or not make a tender offer, preserve its rights to raise the prescription exception and face sanctions.
In McDill, supra, the court outlined what must be proven in a claim for penalties and attorney's fees under R.S. 22:658. Under this statute, the plaintiff has the burden of proof to show (1) the insurer failed to pay within sixty days after "satisfactory proof of loss" and (2) the insurer was arbitrary and capricious in failing to pay. These elements differ from, and are in addition to, the elements which must be proven to establish a "satisfactory proof of loss" for an uninsured motorist claim alone where the plaintiff is required to prove: (1) the owner/operator of the other vehicle was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) the extent of the damages. See also Cantrelle Fence and Supply Co., Inc. v. Allstate Ins. Co., 515 So.2d 1074 (La.1987).
Because the suit is prescribed on the allegations of the petition, plaintiff bears the burden of proof to show the matter has not prescribed. We note there was no evidence submitted to the trial court on the Exception of Prescription. The only issue before the trial court was whether the unconditional $10,000.00 payment interrupted prescription on plaintiff's entire claim.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.C.C. art. 3464. Acknowledgment interrupting liberative prescription of a right may be formal or informal, express or tacit. La.C.C. art 3464, Revision Comments (e). Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment by the debtor. Gulf Coast Bank and Trust v. Eckert, 656 So.2d 1081 (La.App. 5th Cir.1995); Keller v. National Union Fire Ins. Co., 617 So.2d 893 (La.1993); Flowers v. USF & G, 381 So.2d 378 (La. 1979). However, recognition of the mere existence of a disputed claim is not an acknowledgment within the contemplation of art. 3464; the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Alexander, supra at p. 804; Marathon Ins. Co. v. Warner, 244 So.2d 353 (La.App. 2d Cir. 1971).
Here, plaintiff offered no evidence that defendant acknowledged the right of plaintiff to bring the action and of defendant's clear intent to interrupt prescription. The record only indicates that defendant made a McDill tender to plaintiff of $10,000.00. There is no evidence of record that defendant's tender was intended to effect an interruption of prescription. Accordingly, we see no error in the trial court's grant of the Exception of Prescription.
*341 For the above reasons, we affirm the trial court judgment dismissing plaintiff's suit. All costs of this appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:5629 provides:

Uninsured motorist insurance claims
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.
[2] LSA-R.S. 22:661 provides:

Sec. 661. Motor vehicle liability policy
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
[3] LSA-C.C. Art. 3464 provides:

Art. 3464. Interruption by acknowledgment
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.