783 So.2d 387 (2001)
Gilda S. WOODS, Individually and on Behalf of her Minor Son, Larry Eugene Woods
v.
ST. CHARLES PARISH SCHOOL BOARD, David Rosenthal, Eileen Champagne and Corgeis Insurance Companies.
No. 00-CA-1350.
Court of Appeal of Louisiana, Fifth Circuit.
January 23, 2001.
*388 Jan P. Jumonville, Metairie, LA, Counsel for plaintiffs-appellants.
*389 Elizabeth H. Ryan, Justin H. Homes, New Orleans, LA, Counsel for defendant-appellee.
Court composed of Judges GOTHARD, CANNELLA and McMANUS.
McMANUS, Judge.
In this matter, now before us for the second time, we affirm the trial judge's granting of an exception of no cause of action.

STATEMENT OF THE CASE
A suit for damages was filed by Plaintiff-Appellant, Gilda Woods, on October 2, 1998, "via facsimile." A second petition was physically received in the clerk of court's office on November 2, 1998. The Defendants named in the suit were the St. Charles Parish School Board, David Rosenthal, Eileen Champagne and Coregis Insurance Companies, the liability carrier for the School Board.[1]
On January 4, 1999, Defendants, now Appellees, Coregis and the St. Charles Parish School Board filed an exception of prescription. The exception was heard May 10, 1999; a judgment was signed June 1, 1999, granting the exception and dismissing Woods's suit. This judgment was affirmed on appeal. Woods v. St. Charles Parish School Bd., 99-962 (La. App. 5 Cir. 1/25/00), 750 So.2d 1168.
On January 12, 2000, Woods attempted to file a Second Supplemental and Amended Petition for Damages. In the amended petition, Woods alleged that some individual representatives of Coregis and the School Board had acknowledged their "debt" to plaintiff. On this same date, the trial judge denied Woods permission to file the supplemental petition on the grounds that the suit had been "previously dismissed."
On January 13, 2000, Woods filed a Petition to Annul Judgment (granting the prescription exception), asserting that the judgment dismissing her action had been obtained by fraud or ill practices on the part of Coregis and the School Board, and repeating the above claim that they had acknowledged the debt arising out of the cause of action sued on.
On February 24, Coregis and the School Board filed a pleading styled "Dilatory and Peremptory Exceptions or, Alternatively, Opposition to Petition to Annul Judgment." Among the exceptions pleaded was one of no cause of action. The exceptions were heard on February 28, 2000; at the beginning of the hearing, Woods's attorney offered into evidence, without objection, the exhibits that had been attached to the petition to annul.
On March 13, Woods filed a duplicate of the supplemental petition she had attempted to file on January 12.
On March 27, 2000, the trial judge granted the exception of no cause of action, and on this same date, again denied Woods permission to file the second supplemental petition.
Woods's Petition for Devolutive Appeal from the March 27 Judgment was filed on May 22, 2000.

FACTS
The facts pertinent to this appeal, facts surrounding Woods's claim that Coregis and the School Board acknowledged liability for her damagesthe facts which she alleges give rise to the charge of fraud or ill practices, are as follows.
*390 Woods's original suit alleged that on October 3, 1997, her son, Larry Eugene Woods, tripped and sustained injuries while marching as a member of the Hahnville High School band. She alleged that the injury, thus her damages, had been caused by the negligent actions of Hahnville High School employees and/or parents volunteering to chaperone the band, parties for whom the School Board must answer in tort.
In a memorandum filed in response to the School Board's (second set of) exceptions, Woods alleged that over the course of some months following the accident, representatives of Coregis and the School Board had "acknowledged [a] debt to plaintiff." More specifically, Woods alleged that the principal of Hahnville High School and Jim Henderson, a member of, or, an employee of, the School Board, had agreed that "the St. Charles Parish School Board would pay Larry Wood's (sic) medical bills" resulting from the accident. Woods also alleged that Shanin Larcher, a claims adjuster for Coregis, had communicated with the office of the physician treating Larry, Dr. Walter H. Brent, Jr., to keep abreast of Larry's treatment and to "guarantee" payment of Larry's medical expenses. Woods also asserted that Larcher had guaranteed Larry's bill from the St. Charles General Hospital.
Attached to Woods's petition to annul are several pieces of documentary evidence. A "patient information" form from Dr. Brent's office which lists the patient as Larry Woods also lists the School Board as the "insured" and shows a notation listing a claim number and "Shanin's" telephone number. This form also lists Larry Eugene Woods, Sr., as a "guarantor" of the charges. A letter to Dr. Brent from Shanin Larcher which "confirmed" "our [Coregis's] acceptance of liability for all medical bills arising from an injury which occurred on 10/3/97" reserved to Coregis the right to review a recommendation for surgery before "approval" of the same. A patient information form from the St. Charles Parish Hospitalfor a stay of less than 24 hourslists Larry Woods as the patient and the insured, and lists Coregis as a "guarantor." There is no bill or statement to accompany this form. Finally, the record contains a copy of a letter from Dr. Brent to Larcher discussing a diagnosis of Larry's injuries and recommendations for treatment.

ASSIGNMENT OF ERROR NUMBER ONE
As Woods's first assignment of error, she argues that the trial court was in error for having not allowed her to file her supplemental petition. She argues that since the named individual defendants had not moved to dismiss the suit, they remain as viable defendants, with whom Coregis and the School Board remain vulnerable to judgment as solidary obligors.
However, the original judgment granting the exception of prescription did not simply dismiss Coregis and the School Board from the suit. It dismissed the suit altogether. The trial judge was correct to have not allowed an amendment to a petition in a matter no longer pending before the court.

ASSIGNMENT OF ERROR NUMBER TWO
As her second assignment of error, Woods argues that the trial judge was incorrect to grant Coregis and the School Board's exception of no cause of action: Woods argues that the trial judge was in error to hold that she does not have a cause of action, grounded in nullity, to challenge the original judgment in this matter. Woods argues that the above cited facts demonstrate that her claim *391 against Coregis and the School Board had been compromised, and that it was consequently fraud or ill practices on their part to seek to have the suit arising out of the "claim" dismissed on the grounds of prescription. The trial judge was correct to find that Woods cannot maintain her cause of action based on the facts she alleges; the exception was properly granted.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, at 9 (La.3/2/99), 739 So.2d 748, 755 (citations omitted). A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans, 98-1170 at 10, 739 So.2d at 756. Thus, generally, under LSA-C.C.P. art. 931, parties may introduce no evidence to support or controvert the exception. However, the jurisprudence does recognize an exception to this rule that allows the court to consider evidence admitted without an objection to enlarge the pleadings. City of New Orleans, 98-1170 at 10, 739 So.2d at 756 (numerous citations omitted). And finally, a court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action. City of New Orleans, 98-1170 at 9-10, 739 So.2d at 756 (citations omitted). As noted, the second exception was filed in this matter to challenge the sufficiency of Woods's action in nullity.
The act of obtaining a judgment by means of improper methods is one characterized as "fraud or [an] ill practice," and LSA-C.C.P. art. 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. The action provided by the article is a remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980). The article is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Russell v. Illinois Cent. Gulf R.R., 96-2649, at 2 (La.1/10/97), 686 So.2d 817, 819 (citations omitted). The action provided by the article does require some form of impropriety. Butler v. Reeder, 93-493, at 4 (La.App. 5 Cir. 2/9/94), 632 So.2d 401, 403.
The record before us discloses nothing "improper." We see no irregularity which would have supported Woods's suit. The allegations as stated by Woods, as noted, are that Coregis and the School Board, after they had admitted liability in the instant matter, moved to have the suit dismissed on the grounds of prescription. However, on the record, we cannot conclude that Coregis and the School Board ever made the binding acknowledgment which would have served to interrupt the running of prescription.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. LSA-C.C. art. 3464; Stagni v. State Farm Mut. Auto. Ins. Co., 96-493, at 5 (La.App. 5 Cir. 11/26/96), 685 So.2d 338, 340. An acknowledgment is the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course. It involves an admission of liability, either *392 through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgment. Acknowledgment may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. A tacit acknowledgment arises from a debtor's acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Gary v. Camden Fire Ins. Co., 96-0055, at 4-5 (La.7/2/96), 676 So.2d 553, 556. Recognition of the mere existence of a disputed claim is not an acknowledgment within the contemplation of article 3464; the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Stagni, 96-493 at 5, 685 So.2d at 340 (emphasis supplied). And finally, the right to recover for personal injuries is distinct from the right to recover medical expenses, and legal interruption does not transfer from one obligation or action to another. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378, 382-3 (La.1979); Touchet v. State Farm Fire & Cas. Co., 542 So.2d 1142, 1146 (La.App. 3 Cir.1989).
The record here shows that Coregis and the School Board never promised anything more than payment of Larry's medical expenses, exclusive of surgery. While the evidence submitted by Woods shows that Dr. Brent's balance and a hospital bill were guaranteed by Coregis, neither Coregis nor the School Board ever promised payment for surgery or for any other element of damages arising out of Larry's injury. And the record could not be clearer that neither party agreed to pay anything for the purpose of interrupting prescription on Larry's personal injury action. We see nothing in the record which would have led Woods to believe that it was not necessary to preserve her right to additional damagesdamages over and above, or of a different kind than, medical expenses by initiating legal proceedings.
There having been no acknowledgment of liability for any and all damages claimed, prescription was not interrupted by Coregis's promises to pay some medical bills on Woods's behalf. Because prescription was not interrupted, there would have been no bar to Coregis and the School Board filing an exception grounded in prescription: the record cannot support a finding of "fraud or ill practices" on the part of the two Defendants for having filed the exception. The lack of fraud or ill practices eliminates Woods's potential action in nullity. And because she was not able, on the record before us now, to show grounds for nullity, the exception of no cause of action was properly granted.
Therefore, and for the above reasons, the judgment of the trial court granting Appellees' exception of no cause of action is hereby affirmed. All costs of this appeal are to be borne by Appellant, Gilda Woods.
AFFIRMED.
NOTES
[1] Defendant, the Coregis Insurance Companies, is incorrectly designated the "Corgeis" Insurance Companies in the original petition and in several subsequent pleadings.