United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-30235

————————————

Nabil A. Moufarrej, M.D.,

Plaintiff - Appellee - Cross-Appellant,

versus

UNUM Provident Corporation,

Defendant - Appellant - Cross-Appellee.

———————————————————————————————————————————————

Appeals from the United States District Court for the
Western District of Louisiana
Civil Action No. 01-CV-0297

———————————————————————————————————————————————

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Nabil A. Moufarrej, M.D. received a judgment awarding him total disability benefit payments from UNUM Provident Corporation ("Provident"). Provident appealed that decision. We REVERSE the decision of the district court and RENDER judgment in favor of Provident. Because we find in favor of Provident we do not reach Dr. Moufarrej's cross appeal.

**Factual Background**

---

[*] Pursuant to 5TH CIR. R. 47.5, this court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

Dr. Moufarrej is a board-certified neurologist specializing in sleep medicine.  Prior to 1996, he practiced at a hospital and maintained a private sleep clinic at which he saw patients referred to him by the hospital.  In 1988, Dr. Moufarrej purchased a disability insurance policy (the "policy") from Provident.[1]  The policy provided for different monthly payments if Dr. Moufarrej became "totally disabled" or "residually disabled."  To claim total disability under the policy the insured would have to be unable to perform the "substantial and material duties" of his occupation and be receiving appropriate medical care.  Occupation was defined in the policy as "the occupation (or occupations, if more than one) in which the insured is regularly engaged at the time he becomes disabled."  The following policy provisions are also pertinent to this dispute:

**Notice of Claim**
Written notice of claim must be given within twenty days after a covered loss starts or as soon as reasonably possible.

**Proof of Loss**
If the policy provides for a periodic payment for a continuing loss, you must give us proof of loss within 90 days after the end of each period for which we are liable. . . . written proof must be given within 90 days after each [new] loss.  If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible.  In any event, the proof required must be

_____

[1] Dr. Moufarrej paid all required policy premiums from 1988 through the time of trial.

furnished no later than one year after the 90 days
unless you are legally unable to do so.

**Legal Actions**
You may not start a legal action to recover on this
policy within 60 days after you give us required proof
of loss.  You may not start such action after three
years from the time proof of loss is required.

On September 27, 1993, Dr. Moufarrej injured his back. He
underwent corrective surgery, but his pain grew worse over the
next year.

Dr. Moufarrej's hospital work involved prolonged standing
and walking, moving patients and bending over patients.
According to his examining doctor, the physical demands of the
hospital work exacerbated Dr. Moufarrej's condition.  Dr.
Moufarrej soon began declining patient referrals from other
doctors.  Prior to 1996, Dr. Moufarrej had worked 60 to 65 hours
per week, with 30 to 45 of those hours spent at his hospital
practice and the remainder at his clinic office.

By January 1, 1996, Dr. Moufarrej had completely stopped his
hospital practice due to his back injury.  Since that time he has
spent five days a week at his clinic, but only sees patients for
a total of nine hours per week.  Dr. Moufarrej testified he did
not file for disability benefits in 1996 because he believed that
as long as he was working as a physician he could not receive
disability benefits.

In the fall of 1999, Dr. Moufarrej's insurance agent suggested he apply for disability benefits. On October 5, 1999, Dr. Moufarrej notified Provident that he intended to submit a claim for disability benefits. He filed his claim in November 1999. On May 24, 2000, Provident sent Dr. Moufarrej a letter denying his claim.

**Proceedings**

On February 15, 2001, Dr. Moufarrej sued Provident on the policy, seeking recovery of total disability benefits beginning April 1, 1996[2] and attorney's fees. After a bench trial, the district court awarded Dr. Moufarrej the total disability benefits he sought as of April 1, 1996. Provident then moved to amend and modify the judgment, or alternatively, for a new trial, claiming an affirmative defense of prescription. On February 24, 2003, the district court found that Provident had waived the affirmative defense of prescription. Two days later, the court vacated its February 24, 2003 order and found that Provident *had not* waived its prescription defense. However, the district court declined to amend its previous order or to conduct a new trial. The court explained that it had found no manifest error of fact or law, no newly discovered evidence, and no intervening change in the controlling law to justify an amendment or a new trial.

---

[2] April 1, 1996 was 90 days after January 1, 1996.

-4-

**Notice and Proof of Loss Requirement**

Provident contends that the district court erred by not applying the notice provision set forth in LA. REV. STAT. § 22:213. Section 22:213 sets out certain minimum terms for all Louisiana health and disability insurance policies. The applicability of § 22:213 to this case is a legal question, subject to *de novo* review. *See United States v. Grayson County State Bank*, 656 F.2d 1070, 1075 (5th Cir. 1981).

Section 22:213 requires all health and disability insurance policies in Louisiana to include either certain specified provisions or "provisions which in the opinion of the commissioner of insurance are not less favorable to the policyholder." Therefore, the provisions in § 22:213 only replace policy provisions when the policy provisions are less favorable to the insured. Those policy provisions which are more favorable to the insured than § 22:213's provisions are untouched by the statute.

In this case, the policy provisions exactly mirror the provisions of § 22:213. Under both, notice of claim was required within 20 days of loss, unless "it was not reasonably possible to give such notice within the time required." Both the policy and § 22:213 also specify that in the case of a continuing disability loss, written proof of loss must be filed within 90 days of the loss unless "it was not reasonably possible to give proof within

-5-

such time," in which case the proof must be given "as soon as reasonably possible." Accepting Dr. Moufarrej's argument that it was not reasonably possible for him to give notice or submit proof of loss within the specified time periods, under the terms of the either § 22:231 or the policy he would then be obliged to file his claim as soon as reasonably possible.

However, the policy's time limit on legal actions (3 years from when proof of loss was required) is more favorable to the insured than § 22:213's provision (1 year from when proof of loss was required). Therefore, the policy provision on legal actions applies. Because Dr. Moufarrej undisputedly filed his action within three years of giving Provident notice, his legal action was timely if his proof of loss was timely.

Thus, the district court correctly concluded that the critical issue is whether Dr. Moufarrej submitted his proof of loss as soon as reasonably possible.

**Interpreting "As Soon as Reasonably Possible"**

### Standard of Review

Provident argues that the meaning of "as soon as reasonably possible" in this case is a matter of contract interpretation subject to *de novo* review. In contrast, Dr. Moufarrej contends that interpreting "as soon as reasonably possible" only calls for the factual determination of what was reasonable in his circumstance and therefore is a matter to be reviewed for clear

-6-

error.  While the elements of fact and law are somewhat intertwined in this issue, Provident presents the stronger argument.  Part of the logic behind applying a clearly erroneous standard to review determinations of fact is that the district court is in a better position than the reviewing court to interpret trial evidence.  *S.E.C. v. Fox*, 855 F.2d 247, 250-251 (5th Cir. 1988).  Here, this court is in the same position as was the district court in reviewing the relevant facts to determine when Dr. Moufarrej could have been reasonably expected to present proof of loss.[3]  Consequently, this court will apply a *de novo* standard to review the district court's interpretation of "as soon as reasonably possible."

**Determining the Reasonableness of Dr. Moufarrej's Proof of Loss**

Dr. Moufarrej argued, and the district court agreed, that Dr. Moufarrej's late proof of loss was acceptable because a party is not obliged to act when he is unable to do so.  This reasoning comes from the doctrine of *contra non valentum*, which stops the running of prescription in certain exceptional circumstances when

---

[3] The Supreme Court has held that "our reliance upon the findings of fact does not preclude us from making an independent determination as to the legal conclusions which would be drawn from them."  *United States v. Miss. Valley Generating Co.*, 360 U.S. 520, 526 (1961).  Similarly, within this circuit, Texas state courts have held that when relevant facts are undisputed, the definition of a reasonable time for giving notice is a question of law.  *See Fed. Ins. Co v. CompUSA*, 319 F.3d 746, 752 (5th Cir. 2003) (summarizing Texas state law).

-7-

it is in the interests of justice to do so. *Webb v. Blue Cross Blue Shield of La.*, 711 So.2d 788, 790 (La. App. 1 Cir. 1990). The exception, which Dr. Moufarrej argues should apply to his situation, is to be granted when: "the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 884 n.37 (5th Cir. 2002). *Contra non valentum* is ordinarily applied to analyze prescription questions under statutes of limitations; however, the proof of loss provision in the policy is analagous to a statute of limitation and can be analyzed similarly.

Dr. Moufarrej's only explanation for failing to give Provident timely proof of loss was that he was unaware he had a claim. However, Dr. Moufarrej knew that his injury was impacting his ability to perform his job and, with minimal investigation, he could have learned that he had a claim. Therefore, this court cannot find that Dr. Moufarrej's cause of action was not reasonably knowable to him.

Furthermore, a fundamental tenet of insurance law is that the policyholder has the responsibility to research the provisions of his policy and make himself aware of any potential claims. 13 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 190:36

(3d ed. 2003).[4]  Dr. Moufarrej failed to do the bare minimum to investigate his claim and therefore this court finds that his delay in presenting proof of loss was not reasonable.

**The Notice-Prejudice Rule**

The district court found that whether or not Dr. Moufarrej's proof of loss was timely, Provident was obligated to consider his claim because Provident had not shown it was prejudiced by his late proof of loss.  In so finding, the court relied on the Louisiana notice-prejudice rule, which provides that "where the requirement of timely notice is not an express condition precedent, the insurer must demonstrate that it was sufficiently prejudiced by the insured's late notice."  *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1173 (5th Cir. 1992).

This judicially-created rule conflicts with the requirements of § 22:213, which do not require any showing of prejudice. Notably, the cases Dr. Moufarrej cites in support of this rule

---

[4]  "Upon learning that an event which is arguably an occurrence of loss within the policy has taken place, an insured is obligated to investigate and determine whether that occurrence is one covered by the insured's policy, and such duty is an active not a passive one, with the insured chargeable with all of the information actually possessed and which would have been acquired by the exercise of reasonable diligence." LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 190:36 (3d ed. 2003).

interpret non-health or disability insurance policies.[5]  Section 22:213 directly addresses health and disability policies and is narrowly tailored to these policies.  *See Sargent v. La. Health Serv. & Indem. Co.*, 550 So.2d 843 (La. App. 2 Cir. 1989)(holding that general ten-year prescription period from the Louisiana Civil Code did not apply because it conflicted with the more specific provisions of § 22:213).  In addition, Louisiana courts have applied notice provisions in health and disability policies without any reference to the notice-prejudice rule.  *See id.; Hall v. Provident Life & Accident Ins. Co.*, 250 So.2d 435 (La. App. 3 Cir. 1971); *Touro Infirmary v. Henderson*, 666 So.2d 686 (La. App. 4 Cir. 1995).  We too conclude that the judicially-created notice-prejudice rule does not apply to health and disability policies, such as the one at issue.

**Conclusion**

We find that Dr. Moufarrej's claim is barred because it was not timely filed.

REVERSED and RENDERED.

---

[5]
 Dr. Moufarrej cites the following cases in which the notice-prejudice rule was applied: *MGIC Indem. Corp. v. Cent. Bank of Monroe*, 838 F.2d 1382 (5th Cir. 1992) and *Joslyn Mfg. Co. v. Liberty Mutual Co.*, 30 F.3d 630 (5th Cir. 1994).  *MGIC Indem. Corp.* dealt with liability insurance, and *Joslyn Mfg. Co.* addressed a comprehensive general liability policy.