STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-168


STEWART HEAD, ET UX.

VERSUS

SHELTER MUTUAL INS. CO.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80,183
HONORABLE JULES D. EDWARDS III, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**



**Kyle Sherman**
**111 Mercury Street**
**Lafayette, LA 70503**
**Counsel for Plaintiffs/Appellants:**
   **Stewart and Stacy Head**

**John F. Wilkes, III**
**Lisa E. Mayer**
**Joy C. Rabalais**
**Libby Heinen**
**Borne, Wilkes, L.L.P.**
**200 West Congress Street, Suite 1000**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**Counsel for Intervenor/Appellant:**
   **Risk Management, Inc.**

**Thomas R. Hightower  Jr.**
**Wade Kee**
**John A. Durrett**
**Attorneys at Law**
**1019 Lafayette Street**
**P. O. Drawer 51288**
**Lafayette, LA 70505**
**Counsel for Defendant/Appellee:**
      **Shelter Mutual Ins. Co.**

**Pickett, J.**

The plaintiffs, Stewart and Stacy Head, and the intervener, Risk Management, Inc., appeal a judgment of the trial court sustaining the defendants', Luby Landry's and Shelter Mutual Insurance Company's (Shelter), exception of prescription and dismissing the plaintiffs' suit with prejudice. We affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

This case arises out of a traffic accident which occurred on July 24, 2002, in the City of Abbeville, Louisiana (the City). The plaintiff, Stewart Head, an employee of the City, was traveling east on West Port Street (La. Hwy. 14) in a pickup truck owned by the City. He intended to make a left turn onto Weygand Street. As he started his turn, a following vehicle driven by the defendant, Luby Landry, attempted to pass the pickup on the left, striking the vehicle and injuring Mr. Head. At the time, Mr. Head was an employee of the City, acting within the course and scope of his employment. Following the accident, the City through its workers' compensation agent, Risk Management, Inc. (Risk Management), voluntarily paid Mr. Head workers' compensation benefits.

Subsequently, on July 25, 2003, Mr. Head and his wife, Stacy Head, filed the instant tort suit against Luby Landry and his insurer, Shelter Mutual Insurance Company (Shelter). The defendants answered the petition, and on May 24, 2003, they filed an exception of prescription. Before the hearing on the exception, Risk Management filed a petition of intervention, seeking to recover medical and compensation benefits that it had paid , on behalf of the City to, or on behalf of, Mr. Head, as a result of the accident.

1

The trial court heard the exception on August 16, 2004, and granted the defendants' exception on August 24, 2004. This appeal followed.

**LAW AND DISCUSSION**

The record establishes that the plaintiffs' suit was indeed filed after the one year prescriptive period had run. On appeal, the plaintiffs argue that the trial court erred in granting the defendants' exception in that the City had acknowledged the "debt" it owed Mr. Head in June of 2003, thereby interrupting the one year prescriptive period. The plaintiffs maintain that the trial court based its judgment on an improper interpretation of La.R.S. 23:1204, which states: "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter."

We find no merit in the plaintiffs' argument. In *Gary v. Camden Fire Ins. Co.*, 96-55, pp. 3-5 (La. 7/2/96); 676 So.2d 553, 555-56 (footnotes omitted), the Louisiana Supreme Court explained the law applicable to this case as follows:

> La.Civ.Code art. 3492 provides a one-year prescriptive period for delictual actions. Because plaintiffs' suit for tort damages was filed more than one year after the accident, the action had prescribed on its face. In such a circumstance, the plaintiff carries the burden of proving that prescription was interrupted, suspended or renounced. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). Prescription may be interrupted by the filing of a lawsuit pursuant to La.Civ.Code art. 3462, or by the debtor's acknowledgement of the obligation as provided by La.Civ.Code art. 3492.
>
> La.Civ.Code art. 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction. In *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993), this court concluded that prescription was interrupted with regard to an injured employee's claims against a third-party tortfeasor when the employee filed a timely suit seeking workers' compensation benefits from his employer. In the present case, however, no suit was filed; only voluntary workers' compensation payments were made by the employer. Such voluntary payments are insufficient to toll prescription under Article 3462 which specifically requires the filing of a lawsuit.

2

The reason for adherence to the dictate of Article 3462, which requires filing suit to interrupt prescription, is simple. When a lawsuit is filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. Because the third-party tortfeasor is a solidary obligor, the interruption of prescription is applicable also to a claim against a third-party tortfeasor, as this court held in *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d at 1387. *See also* La.Civ.Code arts. 1799 and 2324C. When a lawsuit is filed against the employer in a competent court, prescription is interrupted because the legal system is put into motion and the purposes of prescriptive laws are satisfied. The time limit for filing a delictual action is a legislative device intended to promote legal finality, bar stale claims, and prevent prejudice to defendants. When the employer voluntarily pays workers' compensation benefits (which may continue for many years), and the injured employee files no lawsuit against any party, none of the goals of prescription statutes are met with regard to claims against a third-party tortfeasor. There is no analogy between a lawsuit against an employer and mere claim assertion which prompts voluntary workers' compensation payments. While the former may interrupt prescription, *Williams v. Sewerage & Water Bd. of New Orleans, supra*, the latter simply does not.

In addition to interruption by the filing of a lawsuit, Louisiana codal articles provide another means of interrupting the prescriptive period. La.Civ.Code art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." The court of appeal in this case held that the employer's voluntary payment of workers' compensation benefits constituted an acknowledgement which interrupted prescription with regard to plaintiffs' claims against defendants/third-party tortfeasors. We disagree with that conclusion.

An acknowledgement is "the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course." *Lima v. Schmidt*, 595 So.2d at 631. It involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Acknowledgement may be made "verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances." *Id.* at 632; *see also*, Robert E. Blum, Comment, Interruption of Prescription by Acknowledgement in Louisiana, 14 Tul.L.Rev. 430 (1940). A tacit acknowledgement arises from a debtor's acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. *Lima v. Schmidt*, 595 So.2d at 634. Acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. *Id.* at 631.

Were it not for the existence of La.Rev.Stat. 23:1204, it would seem evident that voluntary payment of compensation benefits constitutes an acknowledgement of the employer's debt to the injured employee. Section 1204, however, encourages voluntary payment of compensation by assuring the employer that his voluntary payment does not, and will not, constitute an admission of liability. Because of Section 1204's statutory command, the voluntary payment of compensation here is not an acknowledgement of debt or liability and does not interrupt prescription under La.Civ.Code art. 3464.

Thus, it is clear that the voluntary payment of compensation benefits by the City did not interrupt the one-year prescriptive period for delictual actions. The plaintiffs argue, however, that statements made by Francis Touchet, Jr., an Abbeville city councilman, in June of 2003, was an acknowledgement by the City which interrupted the one-year prescriptive period. We do not agree. As our colleagues of the fifth circuit stated in *Woods v. St. Charles Parish School Bd.*, 00-1350, p. 6 (La.App. 5 Cir. 1/23/01), 783 So.2d 387, 392:

> Recognition of the mere existence of a disputed claim is not an acknowledgment within the contemplation of article 3464; the acknowledgment must be accompanied by or coupled *with a clear declaration of intent to interrupt prescription. Stagni [v. State Farm Mut. Auto. Ins. Co.*, 96-493, p. 5 (La.App. 5 Cir. 11/26/96), 685 So.2d 338,] 340 (emphasis supplied). And finally, the right to recover for personal injuries is distinct from the right to recover medical expenses, and legal interruption does not transfer from one obligation or action to another. *Flowers v. U.S. Fidelity & Guaranty Co.*, 381 So.2d 378, 382-3 (La.1979); *Touchet v. State Farm Fire & Cas. Co.*, 542 So.2d 1142, 1146 (La.App. 3 Cir.1989).

By his own admission, Councilman Touchet's statements and action were nothing more than an attempt to help Mr. Head obtain the necessary medical care due under the workers' compensation statutes so that Mr. Head could return to work as soon as possible. Additionally, acting alone without benefit of a resolution by the City council, Mr. Touchet had no authority to take any legal action on behalf of the City.

Accordingly for the reasons stated above, the judgment of the trial court is affirmed.  Costs of this appeal are taxed at 50% to the plaintiffs, Stewart and Stacy Head,  and 50% to the intervener, Risk Management.

**AFFIRMED.**