998 So.2d 191 (2008)
Marco DEMMA, III
v.
AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE.
No. 2008 CA 0380.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
*192 Brian T. Carr Metairie, Louisiana, for Plaintiff/Appellant, Marco Demma, III.
Thomas M. Richard, Brad M. Lacomb, Metairie, Louisiana, for Defendant/Appellee, Automobile Club Inter-Insurance Exchange.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
Appellant, Marco Demma, III, appeals a trial court judgment granting a peremptory exception raising the objection of prescription filed by defendant, Automobile Club Inter-Insurance Exchange (Auto Club), and dismissing his claims against Auto Club with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 3, 2005, Demma was operating a vehicle owned by his father, Marco Demma, Jr., when he was struck by a vehicle driven by Shane Quick. At the time of the accident, Quick had in effect a liability insurance policy with Liberty Mutual Insurance Company. Additionally, Demma was covered by an uninsured/underinsured motorist policy (UM policy) issued by Auto Club.[1]
Following the accident, Demma filed a claim with Auto Club under the UM policy, asserting that Quick's insurer had paid its policy limits, but that such payment was inadequate to compensate him for his injuries. Auto Club subsequently made an unconditional tender of $23,000.00 to Demma on November 8, 2006. Demma ultimately filed a petition for damages on May 14, 2007, asserting that Auto Club had acted in bad faith in handling his claim and seeking penalties based on Auto Club's *193 failure to communicate with him to reach a final settlement of his claim following their November 8, 2006 unconditional tender.
Auto Club filed a peremptory exception raising the objection of prescription. Following a hearing on October 24, 2007, the trial court signed a judgment granting Auto Club's exception and dismissing Demma's claims against Auto Club with prejudice. Demma now appeals from this judgment, asserting that the trial court erred in granting the exception because prescription was either interrupted by Auto Club's November 8, 2006 letter and payment of $23,000.00, or was suspended under the doctrine of contra non valentum.

DISCUSSION
A party urging an exception raising the objection of prescription has the burden of proving facts sufficient to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La. 11/29/05), 917 So.2d 424, 428. When the face of the petition reveals that the plaintiffs claim is prescribed, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. In re Medical Review Panel for Claim of Moses, 00-2643, p. 6 (La.5/25/01), 788 So.2d 1173, 1177. When evidence is introduced at the hearing on the exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Babineaux v. State ex rel. Department of Transportation and Development, 04-2649, p. 3 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123.
The prescriptive period applicable in this case is the two-year liberative prescription for actions brought pursuant to uninsured motorist provisions in motor vehicle policies, commencing from the date of the accident in which the damage was sustained. La. R.S. 9:5629. The accident occurred on May 3, 2005, and Demma filed suit against Auto Club on May 14, 2007, two years and eleven days later. Thus, the petition was prescribed on its face, and Demma had the burden of proving that prescription was either interrupted or suspended.
Pursuant to La. C.C. art. 3464, prescription which has not yet accrued can be interrupted by the debtor's acknowledgment of the right of the person against whom he had commenced to prescribe. Such acknowledgment may be formal or informal, express or tacit. La. C.C. art. 3464, Revision Comments (e). Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgement by the debtor. However, recognition of the mere existence of a disputed claim is not an acknowledgement within the contemplation of article 3464; the acknowledgment must be accompanied by a clear declaration of intent to interrupt prescription. Stagni v. State Farm Mutual Automobile Insurance Company, 96-493, pg. 3 (La.App. 5 Cir. 11/26/96), 685 So.2d 338, 340.
In opposing Auto Club's exception, Demma introduced a copy of the November 8, 2006 letter accompanying Auto Club's tender of $23,000.00.[2] In the letter, Auto Club stated; "Enclosed is our check for the Unconditional Tender of $23,000.00 in settlement of your Underinsured Motorist Claim. Please call me to discuss the *194 final settlement of your claim," Clearly, this letter evidences that Auto Club made an unconditional tender of the undisputed amount of damages to its insured under La. R.S. 22:658(A)(1).[3]See McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985); see also Mallett v. McNeal, 05-2289, p. 8 (La.10/17/06), 939 So.2d at 1254, 1259. Demma argues that the payment made, as well as the mention of a "final settlement" in the letter, was an acknowledgement by Auto Club that it owed additional sums to Demma. Auto Club, however, asserts that because La. R.S. 22:658 requires it to make an unconditional tender to its insured or face the imposition of penalties and attorney fees, such a mandatory payment cannot constitute an acknowledgment sufficient to interrupt prescription. They further argue that it makes no sense to interpret the mention of a final settlement as an acknowledgement of additional sums due because if there were in fact undisputed sums due, Auto Club would face penalties for failing to make an unconditional tender of those sums. We believe that Auto Club's position is the correct one.
Auto Club's unconditional payment was not an admission of liability sufficient to interrupt prescription. A UM carrier is required to make a tender offer or face *195 sanctions for failure to do so. A holding that an unconditional payment, such as the one made by Auto Club in this case, amounts to an admission of liability, would result in absurd consequences in that a UM carrier would be required to either make a McDill tender and waive its right to raise the exception of prescription, or not make the tender and face sanctions. Stagni v. State Farm Mutual Automobile Insurance Company, 96-493 at p. 4 (La. App. 5 Cir. 11/26/96), 685 So.2d at 340-341. Although we acknowledge that there is some jurisprudence holding that an unconditional payment of damages constitutes an acknowledgement that interrupts prescription, see e.g., Young v. Gremillion, 05-802 (La.App. 5 Cir. 3/14/06), 924 So.2d 1285 and Compton v. St. Paul Fire & Marine Insurance Co., 01-386 (La.App. 3 Cir. 10/03/01), 796 So.2d 896, those cases involve liability policies and property damage and we do not believe they are applicable to the instant case where the UM insurer was statutorily required to make an unconditional payment (not offer to settle) of any undisputed amounts or face penalties.
Further, considering Auto Club's comment about a "final settlement" of the matter in its November 8, 2006 letter, the trial court concluded that the letter "does not rise to the level to actually suspend the prescriptive period." We cannot say that the court's conclusion was manifestly erroneous or clearly wrong. In order for Auto Club's letter to constitute an acknowledgement, it must contain more than a recognition of the mere existence of a disputed claim; the acknowledgement must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Given that Auto Club would be subject to penalties if it failed to tender an undisputed amount, we cannot interpret this language to be an acknowledgement with intent to interrupt prescription.
Demma also argues on appeal that prescription was suspended under the doctrine of contra non valentum. Because this argument was not raised at the trial court, we decline to address it for the first time on appeal. See Uniform Rules-Courts of Appeal, Rule 1-3.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the plaintiff, Marco Demma, III.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I respectfully dissent from the majority opinion, finding that Auto Club's unconditional tender of $23,000.00 was not a tacit acknowledgment sufficient to interrupt prescription, and that Demma's claim against Auto Club, therefore, was prescribed.
In the instant matter, the accident from which Demma alleges that he suffered damages occurred on May 3, 2005. Demma filed his lawsuit against Auto Club on May 14, 2007, two years and eleven days later. Thus, the petition revealed on its face that prescription had run. Consequently, Demma bore the burden of establishing that prescription was interrupted or suspended.
Pursuant to La. C.C. art. 3464, prescription which has not yet accrued can be interrupted by the debtor's acknowledgment of the right of the person against whom he had commenced to prescribe. Lima v. Schmidt, 595 So.2d 624, 631 (La. 1992). Such acknowledgment is not subject to any particular formality; it may be written, verbal, express, or tacit. Mallett *196 v. McNeal, 05-2289, p. 5 (La.10/17/96), 939 So.2d 1254, 1258. Tacit acknowledgement results from any action or fact which contains or implies the admission of the existence of a creditor or owner's right, such as payment of a bill as debtor; payment of a portion of the debt, interest, or arrears by the debtor or his agent; a request for a postponement of a payment; and the payment of the amount due by the agent of the debtor. See Mallett, 05-2289 at p. 6, 939 So.2d at 1258. Further, the Louisiana Supreme Court has consistently held that a tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. Mallett, 05-2289 at pp. 1258-1259; Lima, 595 So.2d at 634.
In opposing Auto Club's exception raising the objection of prescription, Demma introduced a copy of the November 8, 2006 letter accompanying Auto Club's tender of $23,000.00. In the letter, Auto Club stated: "Enclosed is our check for the Unconditional Tender of $23,000.00 in settlement of your Underinsured Motorist Claim. Please call me to discuss the final settlement of your claim." Clearly, this letter evidences that Auto Club made an unconditional tender of the undisputed amount of damages to its insured under La. R.S. 22:658 A(1). See McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La. 1985); see also Mallett, 05-2289 at p. 8, 939 So.2d at 1259. Unconditional payments, as detailed above, have consistently been recognized as constituting a tacit acknowledgment sufficient to interrupt prescription.
The majority opinion determines that in addition to an unconditional tender, an insurer must also express its intent to interrupt prescription, citing Stagni v. State Farm Mutual Automobile Insurance Company, 96-493 (La.App. 5th Cir.11/26/96), 685 So.2d 338. However, the intent requirement articulated in Stagni was previously analyzed by the Louisiana Supreme Court in Lima, wherein the court stated that the intent requirement was historically limited to cases involving mineral servitudes and criticized its extension to ordinary and delictual obligations. Lima, 595 So.2d at 633. Given the court's implicit repudiation of this additional intent requirement in regards to tacit acknowledgment, and considering that the Stagni case is from the fifth circuit, which we are not bound to follow, I disagree with the application of Stagni to the instant case.
Additionally, I disagree with the majority's determination that because Auto Club is required to make an unconditional tender in accordance with La. R.S. 22:658, or face the imposition of penalties and attorney fees, that such a mandatory payment cannot be considered a tacit acknowledgment. According to the language of La. R.S. 22:658 A(1), an insurer is not required to pay its insured until the insured has provided the insurer with a satisfactory proof of loss. "Satisfactory proof of loss" in a claim pursuant to UM coverage is receipt by the insurer of "sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." McDill, 475 So.2d at 1089.
As such, a showing of "satisfactory proof of loss" is tantamount to establishing a right to recover under the insurance contract. This proposition is supported by opinions that have recognized the purpose of La. R.S. 22:658 as insuring that an insurer, which is fully apprised of the facts and circumstances that establish the claimant's right to recovery, does not arbitrarily or capriciously deny a claim that *197 is due. Hayes v. Allstate Insurance Company, 99-1558, p. 4 (La.App. 3rd Cir.3/1/00), 758 So.2d 900, 903, writ denied, 00-1587 (La.8/31/00), 766 So.2d 1280; see also McDill, 475 So.2d at 1091-1092. Therefore, according to La. R.S. 22:658, an insurer is only required to make an unconditional tender to its insured once the insured has shown that he is entitled to recover under the insurance contract.[1] As such, I find no conflict between the mandatory requirement that an insurer make an unconditional tender of the undisputed amount and the jurisprudence establishing that such an unconditional tender amounts to a tacit acknowledgment sufficient to interrupt prescription. See La. C.C. art. 3464.
Based on the foregoing, I would find that Auto Club's unconditional tender was a tacit acknowledgment that interrupted prescription, and as such, Demma's action, which was filed on May 14, 2007, was timely. Accordingly, I respectfully dissent from the majority's opinion finding that Demma's claim is prescribed and affirming the trial court's dismissal of his action.
NOTES
[1] The uninsured/underinsured motorist policy was issued to Demma's father, Marco Demma, Jr.
[2] The November 8, 2006 letter was attached to a pleading entitled "Supplemental Memorandum in Opposition to Defendant's Peremptory Exception of Prescription." It is unclear whether there was a prior memorandum filed by plaintiffs. In ruling on the matter, the court mentioned affidavits; however, no affidavits were filed in evidence.
[3] Louisiana Revised Statutes 22:658, now redesignated as 22:1892 by 2008 La. Acts 415, states in pertinent part:

A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
(2) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
[1] An insurer who has a reasonable basis to defend the claim and acts in good faith reliance on that defense will not be subject to penalties under La. R.S. 22:658 B for its failure to pay its insured, absent a showing that the insurer's conduct was arbitrary and capricious. See Reed v. State Farm Mutual Automobile Insurance Company, 03-0107, p. 14 (La. 10/21/03), 857 So.2d 1012, 1020-1021.