15 So.3d 95 (2009)
Marco DEMMA, III
v.
AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE.
No. 2008-C-2810.
Supreme Court of Louisiana.
June 26, 2009.
*96 Brian T. Carr & Associates, Brian Thomas Carr; The Brandner Law Firm, Michael Stephen Brandner, Jr., Metairie, for Applicant.
Chopin, Wagar, Richard & Kutcher, LLP, Brad Michael LaComb, Richard Allan Chopin, Thomas M. Richard, Metairie, for Respondent.
WEIMER, Justice.[1]
We granted certiorari in this case to determine whether an uninsured/underinsured *97 motorist carrier's unconditional payment of monies to its insured for damages sustained in an automobile accident with an underinsured motorist pursuant to LSA-R.S. 22:658[2] and McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985), constitutes an acknowledgment sufficient to interrupt prescription. Answering that inquiry in the affirmative, we find that the lower courts erred in sustaining the uninsured/underinsured motorist carrier's exception of prescription. Accordingly, we reverse the decisions of both lower courts and remand this matter to the district court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
On May 3, 2005, Marco Demma, III was operating a vehicle owned by his father, Marco Demma, Jr., when he was struck by a vehicle being operated by Shane Quick. At the time of the accident, Quick was insured under a policy of liability insurance issued by Liberty Mutual Insurance Company (Liberty Mutual). Demma was covered under a policy of uninsured/underinsured motorist ("UM") insurance issued to his father by Automobile Club Inter-Insurance Exchange ("Auto Club").
Following the accident, Demma filed a claim with Auto Club asserting that Liberty Mutual had paid its limits under the liability policy issued to Quick, but that the payment was insufficient to compensate Demma for his injuries. By correspondence dated November 8, 2006, Auto Club made an unconditional tender of $23,000.00 to Demma.
Because subsequent attempts by Demma to contact Auto Club about additional amounts Demma believed to be due proved to be unsuccessful, on May 14, 2007, Demma filed suit against Auto Club, alleging that Auto Club had breached its contractual obligations and acted in bad faith in handling his claim. Auto Club answered the petition and asserted a peremptory exception of prescription.
Following a hearing, the district court sustained Auto Club's exception of prescription. Demma appealed.
On October, 31, 2008, a majority of a panel of the Court of Appeal, First Circuit, affirmed the judgment of the district court. Demma v. Automobile Club Inter-Insurance Exchange, 08-0380 (La.App. 1 Cir. 10/31/08), 998 So.2d 191. The majority held that Demma's petition was prescribed on its face; that Auto Club's unconditional tender of the undisputed amount of damages to its insured pursuant to LSA-R.S. 22:658 and McDill, supra, was not an acknowledgment, or admission of liability, sufficient to interrupt prescription; and that the correspondence that accompanied that unconditional tender could not be construed as an acknowledgment because it was not "accompanied by or coupled with a clear declaration of intent to interrupt prescription." Demma, 08-0380 at 6, 998 So.2d at 195.
One member of the appellate court panel dissented. Judge Guidry pointed out that unconditional payments, such as those tendered by Auto Club in this case, have consistently been recognized by the jurisprudence as constituting tacit acknowledgments sufficient to interrupt prescription, and that the intent requirement superimposed upon the unconditional tender by the majority opinion was previously repudiated by this court in Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). Further, Judge Guidry rejected the majority's reasoning *98 that because Auto Club is required to make an unconditional tender pursuant to LSA-R.S. 22:658, or face the imposition of penalties and attorney's fees, such a payment cannot be considered a tacit acknowledgment, pointing out that, under the statute, an insurer is only required to make an unconditional tender to its insured when the insured has demonstrated a right to recover under the insurance contract. Demma, 08-0380 at 2-3; 998 So.2d at 196-197 (Guidry, J. dissenting).
We granted certiorari to address Demma's contention that Judge Guidry's analysis represents the correct one, and that the lower courts erred in concluding that Auto Club's unconditional payment was not a tacit acknowledgment sufficient to interrupt prescription.[3]Demma v. Automobile Club Inter-Insurance Exchange, 08-2810 (La.2/20/09), 1 So.3d 463.

LAW AND DISCUSSION
Pursuant to LSA-R.S. 9:5629, "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained." According to Demma's petition, the accident that gave rise to the injuries sustained in this case occurred on May 3, 2005. Suit against Auto Club was instituted on May 14, 2007, more than two years later. As a result, the petition on its face reveals that prescription has run, and it is Demma's burden to demonstrate why his claim has not prescribed. Denoux v. Vessel Management Services, Inc., 07-2143, p. 5 (La.5/21/08), 983 So.2d 84, 88; Lima, 595 So.2d at 628.
The jurisprudence recognizes three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption, and renunciation. Lima, 595 So.2d at 628. In this case, Demma relies upon the theory of interruption to argue that his claim is not prescribed.
Prescription that has commenced to accrue, but that has not yet run, may be interrupted "when one acknowledges the right of the person against whom he had commenced to prescribe." LSA-C.C. art. 3464. If prescription is interrupted by acknowledgment, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. LSA-C.C. art. 3466.
Substantively, an acknowledgment is a simple admission of liability resulting in the interruption of prescription that has commenced to run, but not accrued. Lima, 595 So.2d at 634. The form the acknowledgment may assume has been extensively discussed in doctrinal writings as well as in numerous decisions of this court.
In Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La. 1979)(on reh'g), this court drew upon the commentary of Baudry-Lacantinerie & Tissier, in addition to Aubry and Rau, to conclude that prescription of a right to damages for personal injuries or medical expenses arising from an offense or quasi-offense may be interrupted by either an express or tacit acknowledgment, and that the acknowledgment need not assume any particular form. In reaching this conclusion, the court quoted Baudry-Lacantinerie and Tissier's observations:

*99 Acknowledgment interruptive of prescription results from any act or fact which contains or implies the admission of the existence of the right. It can be express or tacit. When express, it is not subject to any particular form. It can be verbal or in writing.
5 CIVIL LAW TRANSLATIONS, BAUDRY-LACANTINERIE & TISSIER, PRESCRIPTION, § 529, p. 261 (1972). In addition, the court cited the commentary of Aubry and Rau:
The acknowledgment with the interruptive effect may be express or tacit. No specific form is prescribed for the express acknowledgment; it may be by regular mail or even orally. Tacit acknowledgment results from any action which amounts to an admission of the creditor's or owner's right, for instance the payment of a bill as debtor; payment of a portion of the debt, interests or arrears by the debtor or his agent; a request for a postponement of a payment; and, a fortiori, the payment of the amount due by the agent of the debtor. The same would be true of an offer to pay the damages caused by a tort, made by the defendant in the course of trial, or of an actual act of reparation or indemnity.

2 CIVIL LAW TRANSLATIONS, AUBRY & RAU, PROPERTY, § 215, No. 304, p. 344 (1966). Ultimately, the court recognized that acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances. Flowers, 381 So.2d at 382.
In Lima, supra, this court again considered the question of what constitutes an acknowledgment sufficient to interrupt prescription. Drawing once more from the commentary of doctrinal writers, the court observed:
Aubry and Rau also comment that acknowledgment may result from "real, or even verbal offers of payment which were not accepted, provided that in either case the offer was unconditional and not an offer to settle the claimed debt." Similarly, Carbonnier comments that "acknowledgment may be merely tacit. It can result from any attitude of the debtor which implies an unequivocal admission of the creditor's right." 5 Civil Law Translations, J. Carbonnier, Notes on Liberative Prescription, pp. 465-66. See also 2 M. Planiol, Treatise on the Civil Law, §§ 665 et seq. (La.St. L.Inst.Trans.1959).
Lima, 595 So.2d at 633. Based upon the doctrinal writings, the court concluded that the following generalizations can be drawn with respect to the tacit acknowledgment:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. [Emphasis added.]
Lima, 595 So.2d at 634.
Most recently, in Mallett v. McNeal, 05-2289, 05-2322 (La.10/17/06), 939 So.2d 1254, this court drew upon the foregoing jurisprudence to squarely hold that one form of acknowledgment that will interrupt the running of prescription is the tacit acknowledgment resulting when the debtor makes an unconditional payment of a portion of the debt. Mallett, 05-2289, 05-2322 at 8, 939 So.2d at 1259 ("[A]n unconditional payment constitutes an acknowledgment sufficient to interrupt prescription.")
*100 In opposing Auto Club's exception of prescription in this case, Demma argued that Auto Club made just such an unconditional payment, tacitly acknowledging the existence of the obligation and interrupting prescription, when it forwarded him a check in the amount of $23,000.00. In conjunction with this argument, Demma introduced a copy of a November 8, 2006, letter that accompanied Auto Club's tender of the $23,000.00. The letter states, in pertinent part:
Enclosed is our check for the Unconditional Tender of $23,000.00 in settlement of your Underinsured Motorist claim.
Please call me to discuss the final settlement of your claim.
In affirming the district court's ruling sustaining Auto Club's exception of prescription, the court of appeal, as well as the district court, examined the letter and concluded that it, in fact, evidences an unconditional tender by Auto Club of the undisputed amount of damages owed to Demma. Demma, 08-380 at 4; 998 So.2d at 194. Auto Club does not dispute this factual conclusion,[4] insisting instead that the payment was issued pursuant to LSA-R.S. 22:658 and McDill, supra,[5] and that because LSA-R.S. 22:658 requires the insurer to make the unconditional tender or face the imposition of penalties and attorney fees, such a payment cannot constitute an admission of liability sufficient to interrupt prescription.[6]
*101 Citing Stagni v. State Farm Mutual Automobile Insurance Company, 96-493 (La.App. 5 Cir. 11/26/96), 685 So.2d 338. writ denied, 96-3073 (La.3/7/97), 690 So.2d 17, the majority of the appellate court panel sided with Auto Club, holding that Auto Club's unconditional payment was not an admission of liability sufficient to interrupt prescription. For the letter to constitute an acknowledgment, it should have been accompanied by or coupled with a clear declaration of intent to interrupt prescription. Additionally, to hold that an unconditional payment pursuant to LSR.S. 22:658(A)(1) amounts to an admission of liability would result in absurd consequences because such a holding would require an uninsured/underinsured motorist carrier to either make a tender and waive its right to raise the exception of prescription, or not make a tender and face sanctions, Demma, 08-0380 at 5-6, 998 So.2d at 194-195.
After examining the relevant statutes, code articles and the prior jurisprudence of this court with respect to tacit acknowledgments, we find that the court of appeal's resolution of the prescription exception, on both of the cited grounds, is erroneous.
As an initial matter we note that the court of appeal opinion engrafts an intent requirement on the tacit acknowledgment, holding that "[i]n order for Auto Club's letter to constitute an acknowledgment, it must contain more than a recognition of the mere existence of a disputed claim; the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription." Demma, 08-0380 at 6; 998 So.2d at 195. However, such an intent requirement has previously been considered and expressly repudiated by this court.
In Lima, supra, this court discussed at length the historical development of an intent requirement in regard to acknowledgment of mineral servitudes:
In Flowers, supra, we expressly noted that while public policy warrants recognizing acknowledgment of ordinary obligations on an informal basis, the same is not true of acknowledgment of a mineral servitude. Indeed, a rigid set of formal rules has been developed, both jurisprudentially and statutorily, to assure a landowner is fully aware of, and clearly intends the legal consequences of, his act in acknowledging an outstanding mineral servitude. Statutorily, these rigid requirements are set forth in the LSA-R.S. 31:54 and 55. Jurisprudentially, these rigid requirements were developed when our courts engrafted onto LSA-C.C. art. 3464 (former LSA-C.C. art. 3520) an intent requirement: the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running. This additional requirement was designed to put to rest the notion that a "mere" or "simple" acknowledgment alone could reinvest a mineral servitude owner with the valuable property right of another term. [Citations and footnotes omitted.]
Lima, 595 So.2d at 632-633. The court went on to explain that the imposition of this intent requirement, even in the context of the mineral servitude, had been criticized by the commentators, but that over time, Louisiana courts had, nevertheless, extended the intent requirement to ordinary obligations, including delictual actions. The court traced the evolution of this extension to one case in particular: Marathon Insurance Company v. Warner, *102 244 So.2d 353 (La.App. 2d Cir.1971). Holding that the imposition of an intent requirement is inconsistent with the doctrinal writings and the public policy of permitting acknowledgment of ordinary obligations on an informal basis, the Lima court expressly overruled Marathon "insofar as it held that an acknowledgment must be coupled with a clear declaration of intent to interrupt prescription in order to interrupt prescription on a delictual obligation." Lima, 595 So.2d at 633.
To the extent that the court of appeal opinion in this case attempts to resurrect the intent requirement expressly rejected by this court in Lima, it errs.[7] Revisiting the doctrinal writings and the prior jurisprudence of this court, we today reaffirm our holding in Lima that imposition of an intent requirement is contrary to the statutory authority (the code article itself is void of any reference to an intent requirement) and civilian doctrine. An acknowledgment requires only that the right or obligation be recognized and requires no particular form.
Having determined that an acknowledgment of a delictual obligation need not be accompanied by or coupled with a clear declaration of intent to interrupt prescription, we turn next to an examination of the $23,000.00 payment by Auto Club to determine whether it represents an unconditional tender such as would constitute an acknowledgment sufficient to interrupt prescription. In making this determination, we do not write on an entirely clean slate.
As stated previously, the lower courts found, and Auto Club does not dispute, that the $23,000.00 payment was made pursuant to LSA-R.S. 22:658(A)(1) and McDill, supra. We have previously determined that a tender made to satisfy the requirements of LSA-R.S. 22:658(A)(1) is made "not in settlement of the case, but to show [the insurers'] good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured." McDill, 475 So.2d at 1091-1092. Such a tender, we have held, must be unconditional, i.e., "with no strings attached," and thus by definition cannot be a settlement offer. Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 18 (La.5/15/01), 785 So.2d 779, 791. It is an unconditional payment.
In Clark, we were asked to determine whether an uninsured/underinsured motorist carrier's unconditional tender of benefits to its insured pursuant to LSA-R.S. 22:658(A)(1) was a step in defense of the action or a waiver of the right to have the suit declared abandoned. Clark, 00-3010 at 8, 785 So.2d at 785. In resolving this issue, the court turned to the principles of acknowledgment, reasoning that "[t]he historical and theoretical nature of abandonment as a species of prescription [as provided in LSA-C.C. art. 3464][8] renders it appropriate to consider prescriptive principles in analyzing res nova abandonment issues such as the issue presented in this case by defendant's tender." Clark, 00-3010 *103 at 19, 785 So.2d at 791. Examining the relevant jurisprudence, the court ultimately held that the McDill tender was an acknowledgment sufficient to constitute a waiver of the right to assert abandonment. Clark, 00-3010 at 22, 785 So.2d at 793.
The logical implications of the Clark holding are inescapable for this case: in Clark, the McDill tender was held to constitute an acknowledgment for purposes of abandonment, a species of prescription, precisely because it was recognized to constitute an acknowledgment for purposes of interrupting prescription. No reason has been advanced, nor can we discern one, for treating the McDill tender as an acknowledgment for purposes of waiving the right to assert abandonment, but as something less than an acknowledgment for purposes of interrupting prescription.
The court of appeal opinion in this case makes no mention of Clark and only a passing reference to the subsequent decision of this court in Mallett, supra, which holds that a liability insurer's unconditional payment of a property damage claim to a third party claimant constitutes an acknowledgment sufficient to interrupt prescription, thereby reinforcing the long line of cases from this court that have consistently recognized unconditional payments as constituting tacit acknowledgments sufficient to interrupt prescription. Instead, the court of appeal's ultimate resolution of the prescription issue rests solely on its determination that because an insurer is required by LSA-R.S. 22:658 to make a McDill tender or face the imposition of penalties and attorney fees, a holding that a McDill tender amounts to an acknowledgment, or admission of liability, by the insurer would result in absurd consequences in that an insurer would be required to either make the McDill tender and waive its right to raise the exception of prescription (which may or may not materialize in the future), or not make the tender and face sanctions. Demma, 08-0380 at 5; 998 So.2d at 195.
However, as Judge Guidry points out in his dissent, the insurer obligated to make a McDill tender is not presented with a proverbial "Catch-22."[9] By its express terms, LSA-R.S. 22:658(A)(1) only requires a payment by the insurer when the insurer has been provided by the insured with a satisfactory proof of loss. In the context of a claim under an uninsured/underinsured motorist policy, a "satisfactory proof of loss" is established when the insurer receives sufficient facts which fully apprise the insurer "that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." McDill, 475 So.2d at 1089. In other words, providing a satisfactory proof of loss within the meaning of LSA-R.S. 22:658(A)(1) is tantamount to establishing a right to recover under the insurance contract. As a result, an insurer is only required to make an unconditional payment under the statute when the insured has demonstrated that he or she is entitled to recover under the contract. The statute thus requires the insurer to pay only when *104 it indisputably owes payment under the insurance contract and only the amount that it indisputably owes. An insurer who has a reasonable basis to defend the claim and who acts in good faith reliance on that defense is not subject to sanctions under LSA-R.S. 22:658(B) unless clear proof is presented that the insurer was arbitrary, capricious, or without probable cause in refusing to pay. Reed v. State Farm Mutual Automobile Insurance Company, 03-0107, p. 13 (La.10/21/03), 857 So.2d 1012, 1021.
In this regard, it is important to note that the unconditional payment that is owed by the insurer is not owed under the statute, but pursuant to the insurance contract. The amount that must be unconditionally tendered to the insured is not tendered in settlement of the claim, but as a demonstration of the insurer's good faith and in order to comply with the duties imposed under the contract of insurance. McDill, 475 So.2d at 1091-1092. In other words, LSA-R.S. 22:658 is simply a mechanism for enforcing existing contractual obligations between the insurer and the insured, and deterring bad faith on the part of insurers in opposing valid claims. Viewed in this light, the McDill tender can most accurately be defined as a good faith act on the part of the insurer acknowledging the insurer's contractual obligation to pay damages. This unconditional tender and the tacit acknowledgment effected as a result thereof do not work against each other to the detriment of the insurer; rather they work in tandem to insure good faith and compliance by the insurer with its contractual obligations when there is no question of liability.
Moreover, it is clear that had the legislature intended the conclusion reached by the court of appeal in this case, i.e., that an unconditional payment pursuant to LSA-R.S. 22:658(A)(1) cannot be construed to constitute an acknowledgment, or admission of liability, sufficient to interrupt prescription, it could have so stated. For example, LSA-R.S. 22:661 provides that no settlement made under a motor vehicle policy of a claim against any insured thereunder shall be construed as an admission of liability.[10] Rather than declare that no settlement shall be construed as an admission of liability, the legislature could have very easily provided that no payment shall be construed as an admission of liability. Such a provision would have clearly indicated a legislative intention to exempt the payment made pursuant to LSA-R.S. 22:658(A)(1) from the effects of an acknowledgment. However, as we pointed out in Mallett, the legislature did not choose this course, and instead deliberately used the term "settlement" to clearly and unambiguously limit the application of the statute to a compromise or transaction as defined by LSA-C.C. art. 3071, and not an unconditional payment. Mallett, 05-2289, 05-2322 at 14, 939 So.2d at 1263. See also, Gary v. Camden Fire Insurance Company, 96-0555, p. 5, (La.7/2/96), 676 So.2d 553, 556, noting that, were it not for the enactment of LSA-R.S. 23:1204, which provides that the voluntary payment of compensation benefits by an employer does not constitute an admission of liability for compensation benefits, the voluntary payment of compensation benefits would constitute an acknowledgment of the employer's *105 debt to the injured employee sufficient to interrupt prescription. Clearly, had the legislature intended to exempt the unconditional payment pursuant to LSR.S. 22:658(A)(1) from the effects of the acknowledgment sufficient to interrupt prescription recognized in LSA-C.C. art. 3464, it could have done so. It did not.
Having examined the relevant code articles and statutory provisions, and the doctrinal writings and jurisprudence that inform and elucidate those provisions, we reaffirm our holding in Mallett that the unconditional payment of a portion of a debt is a tacit acknowledgment sufficient to interrupt prescription and that the McDill tender is, by definition, just such an unconditional payment. We further find that an uninsured/underinsured motorist carrier's unconditional payment of monies to its insured pursuant to LSA-R.S. 22:658(A)(1) and McDill, supra, constitutes an acknowledgment sufficient to interrupt prescription. Our determination that Auto Club's unconditional payment pursuant to LSA-R.S. 22:658(A)(1) was a tacit acknowledgment sufficient to interrupt prescription is consistent with the policy considerations underlying prescription which require that any doubt be resolved in favor of maintaining a plaintiffs action. Mallett, 05-2289, 05-2322 at 5; 939 So.2d 1258 ("Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted.") Our analysis of the code articles and statutory provisions, in conjunction with the jurisprudence and the doctrinal writings, is consistent with civilian doctrine.

CONCLUSION
Based on the foregoing, we hold that Auto Club's unconditional payment of $23,000.00 to Marco Demma, III, pursuant to LSA-R.S. 22:658(A)(1) and McDill, supra, was a tacit acknowledgment that interrupted prescription. The unconditional payment was tendered on November 8, 2006, after which date, prescription began to run anew. See LSA-C.C. art. 3466 ("Prescription commences to run anew from the last day of interruption."). Demma's suit, filed on May 14, 2007, was therefore timely. The lower courts erred in sustaining the exception of prescription. Accordingly, we reverse the decisions of the court of appeal and the district court maintaining the exception of prescription and remand this case to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUIDRY, J., concerns in the result and assigns reasons.
VICTORY, J., concurs in the result.
GUIDRY, Justice, concurs in the result and assigns reasons.
I agree that the court of appeal erred in requiring that, for an acknowledgment, tacit or otherwise, to be sufficient to interrupt prescription, it must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Ante, pp. 101-02.
However, as to the majority's holding that a partial payment or unconditional tender made directly to the insured pursuant to La.Rev.Stat. 22:658 constitutes an acknowledgment sufficient to interrupt prescription, my view is that this case turns more upon the ambiguous and poorly drafted letter from the insurer which does not attempt to reserve any rights relating to amounts claimed in excess of the $23,000.00 actually tendered. The letter's language could have reasonably lulled the *106 insured into believing that the insurer was not going to contest liability. This alone would be enough to constitute a tacit acknowledgment of liability sufficient to interrupt prescription. See Lima v. Schmidt, 595 So.2d 624, 634 (La.1992). Thus, I do not believe that we need to reach the question of whether Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254, should be extended to the factual circumstances of this case.
NOTES
[1] Retired Judge Phillip Ciaccio, assigned as Justice ad hoc, sitting for Justice Chet D. Traylor, now retired.
[2] LSA-R.S. 22:658 was redesignated as LSA-R.S. 22:1892 by 2008 La. Acts No. 415 § 1.
[3] In his application for writ of certiorari to this court, Demma additionally argued that prescription was suspended under the doctrine of contra non valentem. Because of our favorable resolution of Demma's argument regarding interruption of prescription, it is not necessary for us to reach this issue.
[4] While the issue of acknowledgment is a mixed question of law and fact, which is generally subject to the manifest error standard of review, Dufrene v. Morgan Equipment Rental, Inc., 98-1582, p. 8 (La.App. 1 Cir. 9/24/99), 754 So.2d 1000, 1005, where, as here, there is no dispute as to the dispositive facts, the issue can be decided as a matter of law and the review is de novo. Kevin Associates, L.L.C. v. Crawford, 03-0211, p. 15 (La. 1/30/04), 865 So.2d 34, 43.
[5] The McDill case holds that the failure of an insurer, after receiving satisfactory proof of loss, to unconditionally tender to its insured the amount of damages over which reasonable minds could not differ, where such failure is arbitrary and capricious, subjects the insurer to penalties and attorney fees under LSA-R.S. 22:658. For this reason, the unconditional tender of policy benefits by the insurer upon satisfactory proof of loss is commonly referred to as a McDill tender.
[6] At the time of Auto Club's payment, LSA-R.S. 22:658 provided, in pertinent part:

A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657 and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
. . . .
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
[7] The court of appeal's statement that an acknowledgment must be coupled with a clear declaration of intent to interrupt prescription is apparently culled without attribution from Stagni, supra, which in turn cites to Marathon, supra, the case that was expressly overruled by this court in Lima. Like the Marathon decision on which it relies, Stagni is hereby overruled to the extent that it holds that an acknowledgment must be coupled with a clear declaration of intent to interrupt prescription in order to interrupt prescription on a delictual obligation.
[8] LSA-C.C. art. 3464 provides: "Prescription is interrupted when one acknowledges the right of a person against whom he had commenced to prescribe."
[9] Indeed, it is difficult to ascertain how the insurer is prejudiced by the McDill tender. If, at the time of receipt of satisfactory proof of loss, the claimant's case is prescribed, a tender is not required because a reasonable basis to defend the claim exists. If the case is not prescribed, there is no prescription defense to waive. Moreover, by virtue of having received a proof of loss from the claimant, the insurer is fully and timely informed of the existence of the claim and none of the policy considerations the exception of prescription is intended to promote  the avoidance of stale claims and the resultant loss or nonpreservation of relevant evidenceare invoked.
[10] Redesignated as LSA-R.S. 22:1290 by 2008 La. Acts No. 415 § 1, the statute states:

No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.