STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-302

REBECCA CORMIER AND JENNIFER CORMIER

VERSUS

NATALIE ST. MARTIN, STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND FARM BUREAU INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20176155
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Jonathan W. Perry, and Charles G. Fitzgerald,
Judges.

REVERSED AND REMANDED.

Jeffery F. Speer
Doucet-Speer, APLC
617 Saint John Street
Post Office Box 4303
Lafayette, Louisiana 70502-4303
(337) 232-0405
Counsel for Plaintiff/Appellant,
    Rebecca Cormier

**Lauren Camel Begnaud**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**Gordon Square**
**100 East Vermilion Street, Suite 201**
**Lafayette, Louisiana 70501**
**(337) 232-6581**
**Counsel for Defendant/Appellee,**
     **Louisiana Farm Bureau Casualty Insurance Company**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in sustaining the uninsured/underinsured motorist (UM) carrier's exception of prescription.

## FACTS AND PROCEDURAL HISTORY

On October 29, 2016, Rebecca Cormier (Rebecca) was injured during an automobile accident. At the time of the accident, Rebecca was a guest passenger in a car driven by her sister, Jennifer Cormier (Jennifer). Jennifer's car struck a vehicle driven by Natalie St. Martin (Natalie), who had run a red light.

Following the accident, on October 23, 2017, Rebecca filed a damages suit against Natalie, as the tortfeasor; State Farm Mutual Automobile Insurance Company (State Farm), in its capacity as Natalie's automobile liability insurer; and Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), in its capacity as Jennifer's liability and UM insurer.[1]

Nearly three years after the accident, Rebecca compromised all claims against Natalie and State Farm. These two defendants were then dismissed with prejudice by consent Judgment of Partial Dismissal signed on October 8, 2019, leaving Farm Bureau, in its capacity as Jennifer's liability and UM insurer, as the only remaining defendant.

Shortly thereafter, on October 21, 2019, Rebecca filed a first amended petition, asserting a new UM claim against Farm Bureau, this time in its capacity as the "Uninsured/Underinsured motorist carrier of Wilford Cormier, husband and co-domiciliary of Rebecca Cormier . . . ." In response, Farm Bureau filed several exceptions, including the peremptory exception of prescription. The hearing on the exception was limited to the arguments of counsel. After listening to the arguments, the trial court sustained Farm Bureau's exception of prescription. This appeal by

---

[1] The claims of Jennifer, a co-plaintiff in the original petition, are not at issue in this appeal.

Rebecca followed.

In her sole assignment of error, Rebecca asserts that the trial court erred in concluding that her case had prescribed.

**LAW AND ANALYSIS**

"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 04-620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275 (citation omitted).

At the hearing on the exception of prescription, evidence may be introduced to support or to controvert the exception. La.Code Civ.P. art. 931. "If no evidence is introduced, the reviewing court simply determines whether the trial court's finding was legally correct." *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30. "In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

Here, the record is clear that no evidence was introduced at the hearing on Farm Bureau's exception of prescription. Therefore, the standard of our review is de novo; and in determining the appropriateness of the trial court's judgment, we will limit our review to the facts alleged in Rebecca's petitions, and the alleged facts will be accepted as true.

The prescription statute at issue in this case is Louisiana Revised Statutes 9:5629, which provides a two-year prescriptive period for claims under UM coverage, and prescription commences to run on the date of the accident.

Rebecca's original petition alleges that the automobile accident occurred on October 29, 2016. While her original petition was timely filed on May 14, 2017, her

2

amended petition was filed on October 21, 2019, nearly three years after the accident. Therefore, on the face of the amended petition, Rebecca's new UM claim against Farm Bureau was filed more than two years after the accident, meaning that Rebecca bears the burden of proving that her new claim has not prescribed.

To this end, Rebecca argues that prescription was interrupted when she received an unconditional tender of policy monies from Farm Bureau on or about October 14, 2019. She filed her amended petition one week later. In support of this argument, Rebecca cites *Demma v. Automobile Club Inter-Insurance Exchange*, 08-2810 (La. 6/26/09), 15 So.3d 95, wherein the Louisiana Supreme Court held that an uninsured/underinsured motorist carrier's unconditional payment of monies to its insured for damages sustained in an automobile accident with an underinsured motorist constitutes an acknowledgment sufficient to interrupt prescription.

Rebecca's argument is flawed for several reasons. First, Rebecca did not introduce any evidence in support of this argument at the hearing on the exception. Second, her amended petition does not allege any of these facts. Accordingly, the argument is beyond the scope of our review. Nevertheless, it is worth noting that the unconditional tender in *Demma* was made within the two-year prescriptive period of La.R.S. 9:5629. In our case, the purported tender was made almost three years after the automobile accident, well after prescription had accrued. As a matter of law, prescription cannot be interrupted once it has accrued. *Settoon Marine, Inc. v. Great Lakes Dredge & Dock Co.*, 95-46 (La.App. 4 Cir. 6/7/95), 657 So.2d 537.

Rebecca next argues that "Louisiana Farm Bureau is a named defendant in the suit herein. The record reflects no dismissal of Defendant and therefore prescription was interrupted." We disagree. Standing alone, the above facts do not operate to interrupt prescription as to Rebecca's new UM claim against Farm Bureau. Admittedly, the facts would be relevant to a relation-back analysis under La.Code Civ.P. art. 1153. However, Rebecca has not made this argument, and no evidence

was introduced at the hearing on prescription to support such a finding. Based only upon a review of Rebecca's petitions, we are unwilling to conclude that her amended petition relates back to her original petition.

Although neither briefed nor argued by either party, we now review Rebecca's petition to determine if prescription was interrupted because of legal solidarity. For nearly forty years, the Louisiana Supreme Court has held that an injured party's timely and properly filed lawsuit against the tortfeasor interrupts prescription as to the UM insurer. *Hoefly v. Gov't Emps. Ins. Co.*, 418 So. 2d 575, 576 (La.1982). The tortfeasor and UM insurer are solidarily bound so that prescription is interrupted for both. *Id*. See also La.Civ.Code art. 1799, which provides that "interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."

In the case at bar, Rebecca's original petition was timely and properly filed against three defendants, including the tortfeasor. Rebecca's amended petition asserts a new UM claim against Farm Bureau, this time in its capacity as the "Uninsured/Underinsured motorist carrier of Wilford Cormier, husband and co-domiciliary of Rebecca Cormier . . . ." The amended petition further alleges that "at the time of the accident herein complained of, Plaintiff Rebecca Cormier, had in full force and effect, a policy of automobile liability insurance with Defendants, Farm Bureau Insurance Company as insurer of Wilford Cormier, including uninsured/underinsured motorist coverage . . . ."

Under *Hoefly*, Natalie, as the tortfeasor, and Farm Bureau, as the UM insurer providing coverage for Rebecca, are solidary obligors. As such, the filing of Rebecca's original petition interrupted prescription as to her newly asserted UM claim against Farm Bureau. Consequently, the exception of prescription should have

been overruled.[2]

In sum, Rebecca's amended petition was timely filed, and the trial court erred in sustaining Farm Bureau's exception of prescription.

## DECREE

For the foregoing reasons, we reverse the judgment of the trial court sustaining the exception of prescription filed by Louisiana Farm Bureau Casualty Insurance Company, and we remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against Louisiana Farm Bureau Casualty Insurance Company.

**REVERSED AND REMANDED.**

---

[2]Even though it goes beyond the scope of our review in this case—that is, it goes beyond an examination of Rebecca's amended petition—we would be remiss if we did not address the dismissal of the tortfeasor and its effect on prescription. As previously noted, the tortfeasor was dismissed by consent following a compromise with Rebecca. Rebecca filed her amended petition two weeks later. Pursuant to La.Civ.Code art. 3463, the dismissal of the tortfeasor did not affect the continuous interruption of prescription as to Rebecca's new UM claim against Farm Bureau.

5